THE STATE OF OHIO, APPELLEE, *v.* WADE, APPELLANT.

[Cite as State v. Wade (1972), 31 Ohio App. 2d 33.]

(No. 31177—Decided July 20, 1972.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. James J. McMonagle,* for appellant.

*Per Curiam.* For easy reference the defendant-appellant in this case will be referred to as the "appellant" and the state of Ohio as the "State."

Appellant was indicted on two counts of armed robbery and two counts of kidnapping. He was found guilty on all counts on April 26, 1971, and perfected his appeal assigning two errors:

(1) "Refusal of Court to permit defendant's counsel to cross-examine on a previous inconsistent statement constitutes prejudicial error.

(2) "The Trial Court's refusal to charge the failure of appellant Wade to testify could not be used as evidence of guilt violated his rights to silence under the Fifth and Fourteenth Amendments to the United States Constitution."

We have examined the claimed prior inconsistent statement made at a pre-trial hearing on identification issues and find that there was no inconsistency between the statement made at that hearing and the testimony of the same witness on trial. The first assignment of error is, therefore, without merit.

The issue in the second assignment of error was saved by counsel for the appellant when at the end of the court's charge he made a request "that the court instruct the

jury that the defendant has a constitutional right not to take the witness stand.'' This request was refused. In our view the refusal was error prejudicial to the rights of the appellant.

There can be no doubt at this stage of our constitutional development that it is contrary to law for a trial judge to instruct the jury in a criminal case that the defendant's failure to testify is evidence of guilt, *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106, and its progeny.

However, a more narrow issue, grounded on the *Griffin* principle, is presented in this case. That issue is whether the court *must* charge, upon request, that it is not an evidence of guilt when a defendant maintains his silence.

Few principles are better settled in law than this—it is the duty of the trial judge in a jury case to correctly charge on the law. R. C. 2945.11, cf. *State* v. *Barron* (1960), 170 Ohio St. 267, 270, where it said that ''correct and pertinent'' requests to charge must be included in the general charge ''at least in substance'' despite the fact that a request to charge before argument was not mandatory in a criminal case. And, it has been held that when an instruction on constitutional silence is requested, the trial court must, under its obligation to correctly charge on the law, say no more than this:

''Article I of the Constitution of the State of Ohio, Section 10 (in relevant part) reads as follows: 'no person shall be compelled, in any criminal case, to be a witness against himself.' Revised Code 2945.43 (in relevant part) provides: 'on the trial of a criminal cause a person charged with an offense may at his own request be a witness, but not otherwise.' ''[1] [Bracketed material added.)

---

[1]*State* v. *McRae* (App. Cuy. Cty., 1965), 4 Ohio App. 2d 217, 224-225. In approving the quoted charge, which had been agreed upon by both parties, the court said:

''* * * to avoid the pitfall of *Griffin* v. *California,* the trial court would have been compelled to limit its instruction to precisely what was said * * * [in the charge quoted in the text].'' (Bracketed material added.)

An unusual circumstance might require some enlargement of the instruction.[2] In the absence of an unusual circumstance, and we find none in the instant case, the appellant's request, nevertheless, entitled him to the *McRae* charge. We cannot say that the giving of the charge would not have affected the result, cf. *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, 111-112. Accordingly, we hold the omission to be prejudicial error.

Reversed and remanded for further proceedings according to law.

*Judgment reversed.*

WASSERMAN, C. J., JACKSON and DAY, JJ., concur.

---

[2]For example, an unusual circumstance might be presented if one co-defendant took the stand to testify while the other did not. Such an occasion arguably would warrant a special emphasis on behalf of the non-testifying defendant should he request that the jury be specifically instructed that his failure to testify did not constitute evidence of guilt. The tactical wisdom of such a request is outside our sphere.