THE STATE OF OHIO, APPELLEE, *v.* NELSON, APPELLANT.

(No. 73-69—Decided November 21, 1973.)

80

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.
*Mr. James N. Perry,* for appellant.

CELEBREZZE, J. This case brings to the court's attention for determination the question of under what circumstances the trial court shall charge on the right of a defendant to remain silent.[1] Appellant argues that the case of *State* v. *Wade* (1972), 31 Ohio App. 2d 33, stands for the proposition that, upon request, the trial court must charge that it is not an evidence of guilt when the defendant maintains his silence. The following language from *State* v. *Wade, supra,* at page 34, is pertinent:

"There can be no doubt at this stage of our constitutional development that it is contrary to law for a trial judge to instruct the jury in a criminal case that the defendant's failure to testify is evidence of guilt, *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106, and its progeny.

"However, a more narrow issue, grounded on the *Griffin* principle, is presented in this case. That issue is whether the court *must* charge, upon request, that it is not an evidence of guilt when a defendant maintains his silence."

The hallmark of the *Griffin* decision was that it, in effect, held unconstitutional a provision in the Constitution of the state of California (similar to the provision in Sec-

---

[1]There is a division of opinion amongst the states. Arkansas, Illinois, Mississippi, New York, South Dakota and Washington generally hold that it is error to refuse to give an instruction of this character. Missouri, Texas, Iowa, Georgia and Hawaii hold to the contrary. 23A Corpus Juris Secundum 651, Section 1266.

82

tion 10, Article I of the Ohio Constitution) permitting comment by the prosecutor and instructions by the court that the silence of an accused is evidence of guilt. Mr. Justice Douglas was quick to distinguish his ruling from the case of *Bruno* v. *United States* (1939), 308 U. S. 287, 292, wherein it was held that, by Act of Congress, March 16, 1878, 20 Stat. 30, now Section 632, Title 28, U. S. Code, the accused could " ' * * * at his own request but not otherwise be a competent witness. And his failure to make such a request shall not create any presumption against him.' " At the end of Mr. Justice Douglas' opinion he penned the following footnote:

"We reserve decision on whether an accused can require as in *Bruno* v. *United States*, 308 U. S. 287, that the jury be instructed that his silence must be disregarded."

Counsel for appellant also alludes to the case of *State* v. *Bentley* (App., Madison County), decided March 30, 1973, unreported. Counsel categorically states that the Court of Appeals for Madison County "* * * has approved the charge." It should be pointed out that the trial court in the *Bentley* case did *not* give the charge, and, although the reviewing court believed that the request should have been complied with, it did *not* reverse the trial court.

In fact, the Court of Appeals in the *Bentley* case stated: "* * * We doubt whether, when it is requested, it is prejudicial error not to give it in all cases and all circumstances.* * *"

It may thus be concluded that, since the United States Constitution is devoid of a provision that the failure of an accused to testify must be disregarded, as of this date, the basis for a mandatory charge of this nature is solely a federal law applicable to federal courts only. Neither the Ohio Constitution nor the Ohio Revised Code sets forth language akin to that enacted by Congress. The closest these two documents approach the federal statute is as follows:

Section 10, Article I of the Ohio Constitution, reads, in part:

"* * * No person shall be compelled, in any criminal case, to be a witness against himself * * *."

The first sentence of R. C. 2945.43 reads:

"On the trial of a criminal cause, a person charged with an offense may, at his own request, be a witness, but not otherwise."

It is universally accepted that those constitutional and statutory provisions, which are almost synonymous, that follow both of the above quotes have been banished by *Griffin* v. *California, supra.*

It is appellee's position that the decision of the Court of Appeals follows closely the case of *State* v. *Perod* (1968), 15 Ohio App. 2d 115. That case involved the trial of two defendants, one of whom took the witness stand and one who did not. The following instruction to the jury was submitted to the court:

"The failure of any defendant to take the witness stand and testify in his own behalf does not create any presumption against him; the jury is charged that it must not permit the fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner."

The trial court rejected the charge and the reviewing court affirmed, stating:

"There is no such provision in the Ohio statutes or the Constitution of Ohio, and we find no provision in the United States Constitution, which entitles a defendant in a state criminal trial to have the jury instructed that his failure to testify does not create any presumption against him."

The Court of Appeals, in so ruling, took note of *Bruno* v. *United States, supra,* and *Griffin* v. *California, supra,* stating that neither case "* * * would be *stare decisis* of the issue before us."[2]

---

[2] The record in the case before this court does not disclose an objection to the prosecutor's remarks, nor is there an assignment of error concerning the same under *Griffin* v. *California* (1965), 380 U. S. 609. Therefore, the court shall not treat or test the validity of the remarks.

84

So the issue is clearly drawn. This court finds that there is no constitutional or mandatory right to the charge requested.

However, paragraph (E) of R. C. 2945.10[3] provides:

"When the evidence is concluded, either party may request instructions to the jury on the points of law, which instructions shall be reduced to writing if either party requests it."

That statute and its predecessors have been treated on many occasions by this court. See *Blackburn* v. *State* (1872), 23 Ohio St. 146; *Wertenberger* v. *State* (1919), 99 Ohio St. 353; *Grossweiler* v. *State* (1925), 113 Ohio St. 46; *State* v. *Barron* (1960), 170 Ohio St. 267; *State* v. *Corkran* (1965), 3 Ohio St. 2d 125. Most recently, in the case of *Cincinnati* v. *Epperson* (1969), 20 Ohio St. 2d 59, Justice Corrigan, citing R. C. 2945.10 (E), said:

"The instructions requested were correct and pertinent to the defense, reflected by the record, of appellant's accepting compensation only for carrying packages—not passengers. The failure of the trial court to include, at least in substance, such instructions in the court's general charge was prejudicially erroneous to the substantial rights of appellant."

Although this court is not prepared to exercise that amount of judicial restraint so deftly applied by the United States Supreme Court in the *Griffin* footnote on the *Bruno* application of the federal statute, we are not so constrained to abdicate to the accused or his counsel the decision on the question of the content of the trial court's charge on the issue presented here. Nor is this court prepared to ratify the verbiage contained in the proferred charge by defense counsel. Those decisions should be left to the sound discretion of the trial court.

However, we are of the opinion that the record in this case did present an atmosphere wherein the trial court rejected the better side of its discretionary authority. Al-

---

[3]For additional future reference see Crim. R. 30.

though we are critical of the structure of the requested charge, as presented, we are not inclined to say that the request was entirely without merit or that it did not present a sound principle of law which could have been rephrased by the court and incorporated in the closing paragraph of its charge. And this court would not indulge in the sophistry of speculation by stating that the outcome could not have been affected anyway. It is not the function of this court, or of any court, to make that judgment. The appellant herein was entitled to a fair trial, and a requisite part of that fair trial is to have a fairly instructed jury.

The principle propounded in the requested instruction was sound in law and appropriate to the facts of the case. The trial court abused its discretion in refusing the instruction constituting prejudicial error in this case. Therefore, the judgment of the Court of Appeals, affirming the judgment of conviction, is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'Neill, C. J., Herbert, Stern and W. Brown, JJ., concur.

Corrigan and P. Brown, JJ., concur in paragraph one of the syllabus and the judgment.