On September 16, 1998, the Stark County Grand Jury indicted appellant, Jason Henderhan, on one count of robbery in violation of R.C. 2911.02. Said charge arose from an incident involving one Adam Cessna.
A jury trial commenced on November 3, 1998. Appellant requested an instruction for the lesser included offense of theft. The trial court denied said request. The jury found appellant guilty as charged. By judgment entry filed November 6, 1998, the trial court sentenced appellant to five years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANTS RIGHT TO A FAIR TRIAL, WHEN IT DENIED UPON PROPER REQUEST A JURY INSTRUCTION ON THE LESSOR (SIC) INCLUDED OFFENSE OF THEFT.
 I
Appellant claims the trial court erred in not charging the jury on the lesser included offense of theft. We disagree.
Preliminarily, appellee, the State of Ohio, argues appellant failed to perfect this issue for appeal because he failed to follow the dictates of Crim.R. 30:
(A) Instructions; error; record
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
In reviewing the record, we find defense counsel made an oral request for the lesser included offense charge. T. at 227. The trial court indicated the proposed jury charge had been prepared by the trial court and copies had been supplied to the parties. T. at 229. After argument, the trial court denied appellant's request for the lesser included offense charge and noted appellant's objection for the record. T. at 232. The trial court indicated it had prepared one but was not going to give it. Id. Because the trial court had included the lesser included offense in its proposed jury charge, we find it would have been unnecessary for appellant to file a written request under Crim.R. 30. With appellant's objection on the record, we find the matter has been preserved for appellate review.
The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson
(1973), 36 Ohio St.2d 79. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant argues he has satisified the three prong test to determine whether an offense is a lesser included offense pursuant to State v. Deem (1988), 40 Ohio St.3d 205. An offense may be a lesser included offense if 1) the offense carries a lesser penalty than the other; 2) the greater offense cannot be committed without the lesser offense also being committed; and 3) some element of the greater offense is not required to prove commission of the lesser offense. Id. at 205.
Appellant argues he has met the test for theft, R.C. 2913.02, to be a lesser included offense of robbery, R.C. 2911.02. In fact, the Supreme Court of Ohio in State v. Davis (1983),6 Ohio St.3d 91, has held that the offense of theft by threat is a lesser included offense of robbery. Appellee argues Davis
does not apply because appellant presented a complete defense to the robbery charge by claiming no theft because he was owed the money by the victim. In support, appellee cites State v.Keenan (1998), 81 Ohio St.3d 133, 139, which states as follows:
 Ordinarily, where a defendant presents a complete defense to the substantive elements of the crime, such as an alibi, an instruction on a lesser included offense is improper. * * * In such a case, the defendant is entitled to a lesser included offense instruction only 'if, based on the evidence adduced by the state, the trier of fact can find for the defendant * * * on some element of the greater offense which [sic] is not required to prove * * * the lesser offense and for the state on the elements required to prove * * * the lesser offense and for the state on the elements required to prove * * * the lesser offense.' State v. Solomon (1981), 66 Ohio St.2d 214, 20 O.O.3d 213, 421 N.E.2d 139, paragraph two of the syllabus. (Citations omitted.)
Our review is to view the evidence in a light most favorable to appellant and determine whether there could have been reasonable doubt as to theft by the threatened use of immediate force or whether theft by threat could have been found.
Mr. Cessna testified he met appellant and gave him change for a twenty dollar bill. T. at 195-196. Thereafter, he, appellant and Claude Nichols got into appellant's vehicle to purchase some beer. T. at 198-199. Appellant asked Mr. Cessna if he knew anyone who wanted to purchase a gun. T. at 200. Appellant turned off onto a dead end road near some woods. T. at 201-202. Appellant then demanded to see appellant's money. T. at 203. Appellant asked to count Mr. Cessna's money. Id. Mr. Cessna counted the money and again appellant asked to see the money.Id. After Mr. Cessna hesitated, appellant stated "don't make me get my pistol." Id. Appellant leaned forward as if "he had a gun under the seat" so Mr. Cessna gave appellant the money because he feared the gun. T. at 204. Appellant ordered Mr. Cessna and Mr. Nichols out of the vehicle and made them walk down the road. T. at 205. Appellant got into his vehicle and Mr. Nichols told Mr. Cessna to be "cool and nothing will happen to you." Id. Mr. Nichols got into the vehicle and left with appellant. T. at 205-206.
Mr. Nichols heard appellant ask Mr. Cessna to count his money and ask if he wanted to buy a gun. T. at 147-148. Mr. Nichols heard appellant ask Mr. Cessna how much money he had, but denied seeing any transfer of money. T. at 132, 135. Mr. Cessna asked Mr. Nichols if appellant was going to shoot him to which he replied "no." T. at 135-136. Mr. Nichols testified appellant purchased marijuana from Mr. Cessna and appellant was complaining about missing money. T. at 128-129, 131. Appellant was "pissed off" about missing something. T. at 149. Mr. Nichols saw appellant with Mr. Cessna's money but denied appellant mentioned a gun when he was trying to get the money. T. at 150, 166.
Mr. Nichols's testimony was appellant's defense as well as the statement appellant made to police that he purchased drugs from Mr. Cessna and was owed the money. T. at 177. Mr. Nichols's testimony and appellant's exculpatory statement established an excuse for the taking of Mr. Cessna's money. Mr. Cessna claimed there was no drug deal but an exchange of two tens for a twenty dollar bill and he was threatened with the use of a gun to turn over his money. With these two divergent stories, one of which is a complete defense to any theft, appellant was not entitled to the lesser included offense of theft under Keenan.
Upon review, we find the trial court did not err in refusing to give the lesser included offense charge.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES