This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On August 11, 2000, the Summit County Court of Common Pleas found appellant, Frederick E. Gates ("Gates"), guilty of assault in violation of R.C. 2903.13(A) and sentenced Gates to one year in prison. Gates appeals his conviction. We affirm.
 I.
On May 18, 2000, Gates was indicted for assault of a police officer, while in the performance of his official duties. Gates pleaded not guilty and his jury trial began on July 17, 2000. At trial, the state presented testimony from Sergeant Morber, Barberton Chief of Police Kallai, and Officers Shields and Russell. The defense presented three witnesses including Isaac King ("King"), Gates and his nephew, Eric Gates. On August 11, 2000, the trial court found Gates guilty of assaulting Sergeant Morber. The trial court sentenced Gates to one year in prison.
Gates filed a timely appeal with this court.
 II.
Assignment of Error No. 1:
 APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, Gates argues that the verdict was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2903.13(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to another." R.C. 2901.22(B) defines knowingly as "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."
At trial, Sergeant Morber testified that on May 7, 2000, at approximately 10:45 p.m. he and Officer Shields responded to a complaint from the Akron Metro Housing Authority ("AMHA") property. Officer Russell also reported to the scene. Once on the AMHA property, the officers spotted Gates sitting on the front stoop of a house. The officers approached Gates, identified themselves and told Gates that he was being arrested for criminal trespassing.
Barberton Chief of Police Kallai testified that he was the keeper of the official records of the security detail for Metro housing. These records include an AMHA criminal trespass list. The list includes the names of people who have been served with a trespass notice indicating that because they have violated the law within the confines of the AMHA property they are no longer allowed on AMHA property. Chief of Police Kallai stated that Gates was on the 1995 AMHA criminal trespass list. A person's name remains on the criminal trespass list until they petition AMHA for removal from the list. The record does not indicate that Gates petitioned for removal from the list.[1]
After Sergeant Morber informed Gates that he was under arrest, Gates stood up and started walking in a direction opposite from the police cruiser. Sergeant Morber told him not to walk away and Gates responded by retaking his seat on the stoop. Using his left arm, Sergeant Morber reached for Gates right arm. Gates punched Officer Morber on the left side of his face. Sergeant Morber stepped away from Gates and instructed the other officers to use pepper spray on Gates. The officers pepper sprayed Gates, handcuffed him and transported him to the police station for booking.
Officers Shields and Russell corroborated Sergeant Morber's account of the incident. Officer Shields testified that approximately ten individuals witnessed the incident but the witnesses refused to identify themselves or provide statements to the police. Officer Russell testified that he was also unable to get any information from the witnesses because they scattered away quickly after the incident.
The first witness for the defense was King. King testified that he was seated next to Gates on the evening in question. He recalled the officers approaching the front stoop where both men were seated. King stated that one of the officers told Gates "come on [Gates] you know you can't be in the projects, on the AMHA property." After the officers approached the men, King turned his attention to some children who were nearby. King overheard an argument between the officers and Gates and then heard a "hissing" sound. King testified that he did not see "who hit first or who maced first" and he "didn't see any punches thrown. All [he] heard was the hissing and the confusion."
Gates testified that he was visiting his niece and waiting for her to prepare him some food when the officers approached. Sergeant Morber told Gates that he was under arrest and Gates responded that he was hungry. Gates testified that Sergeant Morber acted first by using the pepper spray on him. After being sprayed, Gates described that Sergeant Morber "caught a reflex." In an attempt to clarify the "reflex" statement, the state questioned Gates as to whether he admitted to hitting Sergeant Morber. Gates simply repeated the same response "[Sergeant Morber] sprayed me first."
Upon a careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Gates of assault of Sergeant Morber. Gates' first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR AN INSTRUCTION TO THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
In his second assignment of error, Gates argues that the trial court erred by failing to charge the jury on the lesser-included offense of disorderly conduct. We disagree.
A defendant who does not object to a jury instruction he believes to be erroneous generally waives his right to have the issue reviewed on appeal, absent an error that would constitute plain error. Crim R. 30(A); State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. The Ohio Supreme Court has carved out a narrow exception to the general rule. When the "record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute" and does not instruct the jury in accordance with that law, the defendant does not waive his right to raise the issue on appeal by his failure to formally object to the instructions given. State v. Wolons (1989),44 Ohio St.3d 64, paragraph one of the syllabus.
The trial court is required to provide the jury with all instructions that are relevant and necessary in order for it to weigh the evidence and discharge its duty as fact finder. State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. In criminal cases "if the requested instructions contain a correct, pertinent statement of the law and are appropriate to the facts they must be included, at least in substance, in the court's charge to the jury." State v. Nelson (1973),36 Ohio St.2d 79, paragraph one of syllabus, overruled in part on other grounds.
The record reflects that defense counsel did not object to the jury instructions at trial but did request a jury instruction on disorderly conduct as a lesser-included offense to assault. However, this court has held that disorderly conduct, a minor misdemeanor, is not a lesser-included offense of assault. State v. Alston (June 7, 2000), Lorain App. No. 98CA007166, unreported, at 11. Therefore, the requested jury instruction in Gates' case does not fit within the Wolons
exception. The requested instruction did not present the correct governing law on a material issue in dispute. See Alston, Lorain App. No. 98CA007166, at 11; Wolons, 44 Ohio St.3d at paragraph one of the syllabus.
Accordingly, Gates' second assignment of error is overruled.
 IV.
Having overruled both of Gates' assignments of error we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, BATCHELDER, P.J., WHITMORE, J. CONCUR
[1] We note that Gates testified that he had received a piece of paper that indicated he could be on AMHA property. However, Gates did not present this document as evidence at the trial.