DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Michael Reno, defendant below and appellee herein, guilty of aggravated drug possession in violation of R.C. 2925.11.
 {¶ 2} Appellant raises the following assignments of error for review:
First Assignment of Error:
"The Trial court erred to the prejudice of appellant in failing to give the jury instructions regarding sentencing entrapment."
Second Assignment of Error:
"The trial court erred to the prejudice of appellant in admitting into evidence audio tapes that were not properly identified pursuant to evidentiary rule 901(5) and 901(6)."
Third Assignment of Error:
"The trial court erred to the prejudice of appellant when it entered judgment of conviction on the sole count of the indictment where such judgment was against the manifest weight of the evidence."
 {¶ 3} On April 24, 2003, Chillicothe Police officers set up a "reverse sting operation" in conjunction with the U.S. 23 Pipeline Taskforce. Officers had learned that Kimberly Detty, a CVS Pharmacy employee, had been stealing oxycontin and selling it to appellant. Detty agreed to set up a meeting with appellant so he could purchase oxycontin. An undercover officer, Detective Carla Salisbury, accompanied Detty. Before the meeting, officers had filled two CVS Pharmacy pill bottles that each contained 100 forty milligram oxycontin tablets.
 {¶ 4} Detective Salisbury told appellant that she wanted approximately six or seven dollars per oxycontin tablet. Appellant, however, stated that he could only afford to pay a total of $380. Detective Salisbury then stated that she would sell appellant one bottle for $380. Appellant stated he thought that was fair.
 {¶ 5} On May 9, 2003, the Ross County Grand Jury returned an indictment charging appellant with aggravated drug possession (OxyContin), a Schedule II controlled substance, in an amount equal to or exceeding five times the bulk amount but less than fifty times the bulk amount, in violation of R.C. 2925.11.
 {¶ 6} During the trial, the prosecution introduced a taped telephone conversation between Detty and a male, claimed to be appellant. Appellant objected to the tape and claimed that the prosecution did not offer sufficient proof that the male voice on the tape belonged to him. The court overruled his objection. {¶ 7} At trial, appellant requested the court to give the jury the following instruction:
"Although the defendant does not deny that he intended, or formed a purpose, to commit the offense of possession of Oxycontin, he does deny that he intended to possess the amount that he was provided in the `reverse sting' sale.
If you find by a preponderance, or greater weight, of the evidence that Michael Reno was an individual predisposed only to deal in, or consume, small quantities of this controlled substance, and that the officers in this case overcame his will for the purpose of increasing the amount of the drug he possessed and the resulting degree of felony offense, by engaging in conduct which you consider to be outrageous, then you may find that the defendant is entitled to the affirmative offense [sic] of entrapment with respect to the charge in the Indictment. If you so find, then the defendant must be found not guilty of possession of oxycontin in an amount greater than five times the bulk amount. You must then consider whether the State has proven beyond a reasonable doubt, each element of the lesser included offense of possession of oxycontin."
 {¶ 8} The court refused to give the appellant's proposed jury instruction, but did instruct the jury that it could find appellant guilty of possessing less than five times the bulk amount.
 {¶ 9} On December 23, 2003, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a five-year prison term. Appellant timely appealed the trial court's judgment.
 I {¶ 10} In his first assignment of error, appellant asserts that the trial court erred by failing to instruct the jury regarding sentencing entrapment. He claims that he had just $380 to purchase drugs, which would have purchased approximately ten 40 milligram tablets, but the government agent offered to sell him 100 forty milligram tablets. He argues that if the agent had not given him such a favorable deal, he would have been limited to buying just ten tablets and his penalty under R.C. 2925.11 would have been much less.
 {¶ 11} Generally, a trial court has broad discretion in deciding how to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." State v. Comen (1990), 50 Ohio St.3d 206,553 N.E.2d 640, paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is "`a correct, pertinent statement of the law and [is] appropriate to the facts * * *.'" State v. Lessin (1993), 67 Ohio St.3d 487, 493, 620 N.E.2d 72
(quoting State v. Nelson (1973), 36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus). If an instruction is not appropriate in light of the crime charged, the trial court is not obligated to give the instruction. See Lessin, 67 Ohio St.3d at 494. However, "`[i]t is prejudicial error to refuse a requested charge that is pertinent to the case, states the law correctly, and is not covered by the general charge.'" State v. Madrigal (2000), 87 Ohio St.3d 378, 394, 721 N.E.2d 52
(quoting State v. Hicks (1989), 43 Ohio St.3d 72, 77, 538 N.E.2d 1030).
 {¶ 12} In the case at bar, appellant asserts that he was entitled to a "sentencing entrapment" instruction. Sentencing entrapment has been defined as "`outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing in small quantities' for the purpose of increasing the amount of drugs * * * and the resulting sentence of the entrapped defendant." State v. Lofties (Apr. 24, 1998), Erie App. No. E-96-080, quoting United States v. Barth (C.A.8, 1993), 990 F.2d 422,424 (quotation omitted). Ohio has not recognized the concept of sentencing entrapment. Id.; see, also, State v. Mounts (Mar. 9, 2001), Montgomery App. No. 18250.
 {¶ 13} In the case at bar, because Ohio does not recognize a sentencing entrapment defense, appellant's requested instruction is not a correct statement of Ohio law. Therefore, the trial court possessed no obligation to give appellant's requested sentencing entrapment instruction.
 {¶ 14} Furthermore, the trial court reasonably could have determined that the evidence did not support a sentencing entrapment instruction. Nothing in the record indicates that law enforcement officers acted outrageously, that they overcame appellant's will, or that appellant was predisposed to dealing in only small quantities.
 {¶ 15} Additionally, we note that the trial court's lesser included offense instruction minimized any prejudice that may have resulted from the court's failure to give a sentencing entrapment instruction. The lesser included offense instruction, like appellant's proposed sentencing entrapment instruction, gave the jury the option of finding appellant guilty of possessing less than five times the bulk amount of oxycontin.
 {¶ 16} Accordingly, based upon the foregoing reasons we overrule appellant's first assignment of error.
 II {¶ 17} In his second assignment of error, appellant contends that the trial court abused its discretion by admitting audio tapes into evidence. He claims that the state did not properly authenticate the voice heard on the tapes under Evid.R. 901(5) and (6).
The decision to admit or exclude evidence rests within the trial court's sound discretion. State v. McGuire (1997), 80 Ohio St.3d 390,400-401, 686 N.E.2d 1112. Thus, a reviewing court will not be reverse its decision absent an abuse of discretion. See, e.g., State v. Apanovitch
(1987), 33 Ohio St.3d 19, 25, 514 N.E.2d 394. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. See, e.g., State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 18} Evidence Rule 901[2] governs authentication and provides a liberal standard for the authentication of telephone calls. State v.Vrona (1988), 47 Ohio App.3d 145, 149, 547 N.E.2d 1189. "Telephone conversations are admitted where the identity of the parties is `satisfactorily explained.'" State v. Williams (1979),64 Ohio App.2d 271, 274, 413 N.E.2d 1212. "Testimony as to a telephone call is admissible where there is a reasonable showing, through testimony or other evidence, that the witness placed or received a call as alleged, plus some indication of the identity of the person spoken to. `There is no fixed identification requirement for all calls.' * * * `Each case has its own set of facts.'" State v. Vrona (1988),47 Ohio App.3d 145, 149, 547 N.E.2d 1189, citations omitted. Circumstantial evidence, as well as direct, may be used to show authenticity. Williams, 64 Ohio App.2d 274. Moreover, the threshold standard for authenticating evidence pursuant to Evid.R. 901(A) is low, and "does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that * * * [the evidence] is what its proponent claims it to be." State v.Easter (1991), 75 Ohio App.3d 22, 25, 598 N.E.2d 845.
 {¶ 19} "`Voice identification pursuant to Rule 901(B)(5) may be offered into evidence in one of several manners. A witness may testify as to his opinion that a voice he heard on a in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone. particular occasion was that of a given person. Alternatively, the evidence may consist of a tape recording that is played in the courtroom, accompanied by testimony of a witness who identifies the voice on the recording.'" State v.Nelson (Nov. 21, 1997), Greene App. No. 96CA134 (quoting Weissenberger's Ohio Evidence, T. 901.72, pp. 564-565); see, also, State v. Gore (Feb. 18, 1997), Franklin App. No. 96APC05-606.
 {¶ 20} In the case sub judice, the trial court did not abuse its discretion by admitting the taped telephone conversation. The prosecution presented sufficient evidence to establish that the voice heard on the tape belonged to appellant. Detective Salisbury stated that she recognized the voice on the tape as appellant's voice. See Nelson. Under Evid.R. 901(B)(5), her testimony qualifies as sufficient evidence to authenticate the audio tape. See id. No requirement exists that the state also authenticate the tape under Evid.R. 901(B)(6).
 {¶ 21} Furthermore, assuming arguendo that the trial court abused its discretion by allowing the taped telephone conversation into evidence, the evidence heard on the tape was not the crux of the prosecution's case. Instead, the main evidence of appellant's guilt was his participation in the drug buy. The prosecution taped the drug buy and appellant has not argued that it was not he who purchased the drugs. The taped telephone conversation to which he objects was not the proverbial nail in the coffin, and therefore, any error is harmless. See Crim.R. 52(A).
 {¶ 22} Accordingly, based upon the foregoing reasons we overrule appellant's second assignment of error.
 III {¶ 23} In his third assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. He contends that the prosecution did not prove that he knowingly obtained a Schedule II controlled substance in an amount equal to or exceeding five times the bulk amount.
 {¶ 24} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. See State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904;State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541 (quoting State v. Martin [1983],20 Ohio App.3d 172, 175, 485 N.E.2d 717). If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. See State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus. A reviewing court should find a conviction against the manifest weight of the evidence only in the "`exceptional case in which the evidence weighs heavily against conviction.'" Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting Martin, 20 Ohio App.3d at 175, 485 N.E.2d 717); see also, State v. Lindsey (2000), 87 Ohio St.3d 479, 483, 721 N.E.2d 995.
 {¶ 25} In the case at bar, the prosecution presented ample competent and credible evidence that appellant possessed oxycontin, a Schedule II controlled substance, in an amount equal to or exceeding five times the bulk amount.[3] The evidence shows that appellant purchased 100 forty milligram tablets, which totals 4,000 milligrams. An expert witness testified that bulk amount is 90 milligrams and five times that amount is 450 milligrams. The evidence establish that appellant is guilty of the offense charged.
 {¶ 26} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[2] Evid.R. 901 provides in relevant part:
(A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. (B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule: * * *
(5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
(6) Telephone conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (a) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (b) possession of drugs. The penalty for the offense shall be determined as follows:
* * * *
(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.
[3] R.C. 2925.11(A) sets forth the offense of drug possession and R.C.2925.11(C)(1)(c) further specifies when the offense constitutes aggravated drug possession, a second degree felony. The relevant provisions state:
(A) No person shall knowingly obtain, possess, or use a controlled substance. * * * *
(C) * * * *
(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:
* * * *
(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.