[Cite as *State v. Kendall* , 2011-Ohio-2475.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                     :
                                   :
    Plaintiff-Appellee,            : Case No.  10CA26
                                   :
    vs.                            : **Released: May 19, 2011**
                                   :
ERIC T. KENDALL,                   : DECISION AND JUDGMENT
                                   : ENTRY
    Defendant-Appellant.           :
_____
APPEARANCES:

Chandra L. Ontko, Cambridge, Ohio, for Appellant.

Roland W. Riggs, III., Marietta City Law Director, and Mark Sleeper, Marietta City Assistant Law Director, Marietta, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Defendant-Appellant, Eric T. Kendall, appeals the decision of the Marietta Municipal Court that found him guilty, after a jury convicted him on two counts of menacing, fourth degree misdemeanors, in violation of R.C. 2903.22.  Appellant's counsel, after reviewing the record, states she can find no meritorious claim for appeal and, pursuant to *Anders v. California*, requests permission to withdraw from the case. However, counsel presented one potential assignment of error for us to consider. Counsel suggests that the judgment was against the manifest weight of the evidence.  However, as

we find this potential assignment of error to be wholly frivolous, we grant counsel's request to withdraw and affirm the decision of the trial court.

FACTS

{¶2} Appellant, Eric Kendall, and Miranda Duty are divorced and have three children, M.K, C.K., and E.K., who were ages 8, 11, and 12, respectively, at the time of the events that are the subject of this appeal. On or about March 6, 2010, Appellant's children were visiting him for the weekend. Over the course of the weekend, Appellant made several disturbing statements either to or in the presence of his children. After coming home from a bar on Saturday during the weekend visitation, Appellant's clothes had blood on them, which he stated was a result of beating someone up in a bar fight. According to E.K., Appellant then stated that the children's mother, as well the mother's boyfriend, were going to get the same thing, but worse. Also, according to E.K., Appellant later stated he was going to do the same thing to the children, and also stated that he was going blow the children's mother's brains out. According to M.K., Appellant threatened to kill his kids and their grandmother too.[1] According to both E.K and M.K. they were afraid because they had previously witnessed their father beat their mother.

---

[1] M.K. stated that this statement was directed towards Appellant's mother (the children's' grandmother) who was the caretaker of the children during the weekend and who was present during these statements.

{¶3} The children returned home to their mother on Sunday and told her of the events during the weekend. Miranda Duty contacted Childrens' Services and Appellant's mother, however, Appellant's mother denied that anything happened over the weekend. Prior to the next scheduled visitation on Wednesday evening, M.K. wrote a note and sent it home from school with a friend whose father is Officer Matt McCracken. Based upon the testimony of Miranda Duty, Officer McCracken called her at home and told her that M.K. has sent him a note stating that she was afraid her father was going to kill her.

{¶4} Thereafter, an investigation ensued and on July 9, 2010, two criminal complaints were filed charging Appellant with menacing. The first complaint alleged that Appellant knowingly caused M.K. to believe that he would cause physical harm to her or her property. The second complaint alleged that Appellant knowingly caused M.K. to believe that he would cause physical harm to her or her property, or to the person or property of Miranda Duty, a member of M.K.'s immediate family. Appellant pled not guilty to the charges and the matter proceeded to a jury trial.

{¶5} Prior to the commencement of the jury trial on August 12, 2010, the parties made arguments to the court regarding the proper jury instructions to be given at trial. Specifically, the parties disagreed over the

definition of "immediate family" as contained in R.C. 2903.22. Over the objection of Appellant, the trial court decided upon an instruction which included "parent" as a member of one's immediate family. Ultimately, the jury convicted Appellant of both counts of menacing. The trial court sentenced Appellant to thirty days in jail on the first count and thirty days on the second count, but suspended the jail sentence on the second count. Appellant was also ordered to pay a fine and costs, and was placed on probation for two years.

## ANDERS BRIEF

{¶6} Appellant's counsel has filed an Anders brief in this action. Under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for appeal, and has determined the case to be wholly frivolous. Id. at 744; *State v. Adkins*, Gallia App. No. 03CA27, 2004-Ohio-3627, at ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders*, 386 U.S. at 744; *Adkins* at ¶ 8. Further, counsel must provide the defendant with a copy of the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to do so. Id.

{¶7} Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744; *State v. Duran*, Ross App. No. 06CA2919, 2007-Ohio-2743, at ¶ 7.

{¶8} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders*, counsel has filed a brief raising one potential assignment of error for this court to consider.

POTENTIAL ASSIGNMENT OF ERROR

"THE JUDGMENT AGAINST THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

ANALYSIS

{¶9} We agree with Appellant's counsel that an appeal based upon a manifest weight argument would be wholly frivolous. Appellant's potential assignment of error asserts the judgment was against the manifest weight of the evidence.  Appellant's contention is premised on his argument that the

trial court gave an incorrect jury instruction with respect to the definition of "immediate family" for the second count of menacing.  Thus, in order to properly address Appellant's manifest weight argument, we must first determine whether the jury instruction provided was proper.

{¶10} Generally, a trial court has broad discretion in deciding how to fashion jury instructions. A trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is " 'a correct, pertinent statement of the law and [is] appropriate to the facts * * *.' " *State v. Lessin* (1993), 67 Ohio St.3d 487, 493, 620 N.E.2d 72; quoting, *State v. Nelson* (1973), 36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus.

{¶11} Here, Appellant was charged with menacing, in violation of R.C. 2903.22, which states in (A) that:

"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

Appellant's potential assignment of error only challenges his conviction with respect to count two, which alleged that he knowingly caused M.K. to

believe he would cause physical harm to Miranda Duty, M.K.'s mother. At issue is the definition to be afforded "immediate family," which is not defined in R.C. 2903.22.

{¶12} Before trial and on appeal, Appellant contends that the definition of "immediate family" as set forth in Ohio's model jury instructions should have been provided to the jury. Appellant contends that had this instruction been given, Miranda Duty, as M.K.'s parent, would not have fit the definition of "immediate family" and therefore he could not have been convicted on count two. OJI CR 503.22 "Menacing" provides that " 'immediate family' means a person's spouse residing in the person's household, brothers and sisters of the whole or half blood, and children, including adopted children." OJI CR 503.22 references R.C. 2905.21(I) in support of this definition. R.C. Chapter 2905 however, is entitled "Kidnapping and Extortion," as opposed to menacing, found under R.C. Chapter 2903, which is entitled "Homicide and Assault." Further, R.C. 2905.21 is self limiting in its application, stating as follows: "As used in sections 2905.21 to 2905.24 of the Revised Code: * * * (I) 'Immediate family' means a person's spouse residing in the person's household, brothers and sisters of the whole or of the half blood, and

children, including adopted children." Clearly, menacing falls under a different chapter of the Revised Code.

{¶13} The trial court rejected the defendant's argument, and also disagreed with the definition provided in the model jury instruction. Instead, the trial court provided the following definition as part of its instructions to the jury:

"Immediate family means a person's spouse residing in the household, brothers and sisters of whole or half blood, children including adopted children, and parents or grandparents." For the following reasons, we conclude that the instruction given the to jury was proper with respect to defining a parent as a member of one's immediate family.

{¶14} First, as mentioned above, by its own terms, the definition of "immediate family" found in R.C. 2905.21(I) is limited to its use in sections 2905.21 to 2905.24 of the Revised Code. Next, R.C. 2903.22 does not define "immediate family." In the absence of a statutory definition, a term "is to be accorded its common, everyday meaning." *State v. Dorso* (1983), 4 Ohio St.3d 60, 62, 446 N.E.2d 449; see, also, *Huffer and Huffer Co., L.P.A. v. Weaver*, Pickaway App. No. 87CA33, 1988 WL 130689; R.C. 1.42. Black's Law Dictionary defines "immediate family" as follows: "1. A person's parents, spouse, children, and siblings. 2. A person's parents,

spouse, children, and siblings, as well as those of the person's spouse. Stepchildren and adopted children are [usually] immediate family members. * * *" Thus, the common, everyday meaning of the term "immediate family" includes one's parents. As such, we cannot conclude that the trial court erred in defining "immediate family" to include one's parents.

{¶15} Nor can we find that Appellant's conviction was against the manifest weight of the evidence. When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. See, also, *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502 at ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶ 41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814; *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. However, "[o]n the trial

of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967) 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶16} At trial, E.K. and M.K. both testified that Appellant made threats to kill them, as well as their mother. The evidence also reflects that E.K. and M.K. believed that Appellant would cause harm to their mother because they had witnessed prior violence between the couple. Appellant made these statements in the presence of his children while they were having weekend visitation with him, knowing that they could hear him. As such, the jury could have concluded that all the elements of the offense were supported by substantial evidence and proven beyond a reasonable doubt.

{¶17} Although Appellant's mother, Barbara Kendall, provided a different version of the events, the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. *State v. DeHass,* supra, at paragraph one of the syllabus. Moreover, our review of the record does not persuade us that the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding Appellant guilty on the second count of menacing.

{¶18} As such, we agree with Appellant's counsel that an appeal based upon a manifest weight argument would be wholly frivolous. Further, our

independent review of the record reveals no meritorious issues for appeal. Accordingly, we hereby grant counsel's motion to withdraw and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**