Lanzinger, J.,
dissenting.
{¶ 14} While I agree with the majority that “[t]here are times when more information is not better” and that “[t]here are times when more information is more likely to confuse than to inform a jury,” majority opinion at ¶ 8, this is not one of those times.
{¶ 15} De’Argo Griffin was jointly tried with Anthony Franklin, and both were convicted of drug-offense crimes and of engaging in a pattern of corrupt activity under Ohio’s Racketeer Influenced and Corrupt Organizations Act (“RICO”), specifically R.C. 2923.32. Each defendant appealed. Franklin’s RICO conviction was reversed on the ground that the jury instruction explaining the term “enterprise” was inadequate.[1] The state did not appeal that judgment. Griffin’s convictions were affirmed at first,[2] but after Franklin’s RICO conviction was *398 reversed, the court of appeals also reversed Griffin’s RICO conviction.[3] I would affirm the judgment of the court of appeals that treated both defendants similarly.
{¶ 16} This is the type of case in which written instructions would have helped the jury. How should the crucial element of “enterprise” be defined in a state RICO case? R.C. 2923.32 provides that “[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.”
{¶ 17} I believe that the statutory language is insufficient. There is no question that R.C. 2923.31(C) was read as part of the instructions. The trial court stated during its charge that
enterprise includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity, or any organization, association or group of persons associated in fact although not a legal entity. Enterprise includes illicit as well as licit enterprises.
(Emphasis added.)
{¶ 18} As currently written, the statute is very broad, and although it does not say exactly what an enterprise is, it tells us what it includes. It is something, either a legal entity or not a legal entity. In fact, the Ninth District Court of Appeals makes the confounding observation that the word “enterprise” may “encompass a single individual.” See State v. Habash, 9th Dist. Summit No. 17073, 1996 WL 37752, *6 (Jan. 31, 1996).
{¶ 19} Griffin asked for additional language to convey to the jurors that “enterprise” requires an entity in which people in the organization have acted in concert with each other and with a common purpose. Presumably, this is to distinguish the situation in which two individuals commit crimes at the same time, but not necessarily together or for a common purpose. R.C. 2923.31(C) does not include Griffin’s proposed recitation of federal law, on which Ohio’s RICO statute was based. “[I]t is prejudicial error in a criminal case to refuse to administer a requested charge which is pertinent to the case, states the law correctly, and is not covered by the general charge.” State v. Scott, 26 Ohio St.3d 92, 101, 497 N.E.2d 55 (1986), citing State v. Nelson, 36 Ohio St.2d 79, 303 N.E.2d 865 (1973). *399 Griffin’s request for clarification of the term “enterprise” was not redundant or confusing, because it supplemented the meaning of the term.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellant.
Harris, Meyer, Heckman & Denkewalter, L.L.C., and Darrell L. Heckman, for appellee.
Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.
{¶ 20} An additional jury instruction on the term “enterprise” could have been fashioned from language in Boyle v. United States, 556 U.S. 938, 945-946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009) (an enterprise requires a showing of at least three structural features: (1) purpose, (2) relationships among those associated with the enterprise, and (3) sufficient longevity to permit the associates to pursue the purpose), or in United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (an enterprise is “proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit”). The requested instruction on the term should have been given.
{¶ 21} I would therefore affirm the judgment of the court of appeals and also answer the certified question in the negative.

. State v. Franklin, 2d Dist. Montgomery Nos. 24011 and 24012, 2011-Ohio-6802, 2011 WL 6920727.

. 2d Dist. Montgomery No. 24001, 2012-0hio-503, 2012 WL 439588.

. 2d Dist. Montgomery No. 24001, 2013-0hio-2230, 2013 WL 2406263.